UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARK HOWARD, JR.,

    Plaintiff,

    v.      CAUSE NO. 3:21-CV-69-RLM-MGG

BEAN, et al.,

    Defendants.

OPINION AND ORDER

Mark Howard, Jr., a prisoner without a lawyer, filed an amended complaint against Officer Bean, Sergeant Robertson, and Officer M. Johnson[1] alleging that they were deliberately indifferent to his medical needs. An unrepresented party's pleading "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A.

Mr. Howard's amended complaint alleges essentially the same facts as his original complaint. ECF 1; ECF 8. On August 19, 2019, he was assigned to the top

---

[1] Officer Johnson isn't listed in the caption, but he is listed as a party in the body of the amended complaint. ECF 8 at 2.

bunk in cell A220. Before entering the cell, Mr. Howard told Officer Bean that he couldn't climb to the top bunk due to medical concerns and that he had a bottom bunk pass. Officer Bean said that he would let Sgt. Robertson know. Mr. Howard wasn't provided with a mat, but Officer Bean indicated that he would bring Mr. Howard one when he had time. Eight hours and several requests later, Mr. Howard was tired and tried to climb up on the top bunk to rest. He has been shot nine times in his right leg and once in his right elbow. These injuries make climbing difficult. He fell during the attempt and reinjured his right elbow. Mr. Howard's cellmate hit the emergency response button. Help arrived, and Mr. Howard was taken to the medical department, where a nurse bandaged his elbow and placed his arm in a sling, which he was instructed to wear for seven days. The nurse confirmed for Sgt. Robertson that Mr. Howard had a bottom bunk pass.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). On the subjective prong, the plaintiff must establish that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant

must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005) (internal quotation marks, brackets, and citations omitted).

Officer Bean and Sergeant Robertson's failure to provide Mr. Howard with either a mat or a bottom bunk for a period of eight hours doesn't amount to deliberate indifference. Mr. Howard received prompt medical attention when hurt himself trying to climb into the upper bunk. As noted in this court's earlier order, these allegations do not state a claim upon which relief can be granted.

Mr. Howard was returned to his cell, provided with a mat, and told to sleep on the floor. Because he deemed the floor unsanitary in light of the open wound on his elbow, Mr. Howard decided to try to get into the top bunk again. He managed, but a few hours later he needed to come down to use the restroom. He fell and injured his knee on the way down. M. Johnson responded, told Mr. Howard to get off the floor, and threated him with OC pepper spray. M. Johnson then shut the cuff port and walked away without providing medical assistance. As noted before, these allegations don't describe an injury so obvious that that M. Johnson should have easily recognized the need for a doctor's attention. Mr. Howard can't proceed against M. Johnson.

Finally, Mr. Howard alleges that he had to sleep on the floor for seven days. The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." Townsend v. Fuchs, 522 F.3d 765, 773

3

(7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. Farmer v. Brennan, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations omitted). Although "the Constitution does not mandate comfortable prisons," Rhodes v. Chapman, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. Knight v. Wiseman, 590 F.3d 458, 463 (7th Cir. 2009); Gillis v. Litscher, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. Farmer v. Brennan, 511 U.S. at 834.

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also* Reed v. McBride, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference."). It remains unclear who was responsible for Mr. Howard not being assigned to a lower bunk for seven days. Furthermore, this isn't the kind of deprivation that the Constitution is concerned with. Mr. Howard was provided with bedding, even if uncomfortable, and the situation lasted only a week. Marshall v. Nickel, 2007 WL 5582139, at *9 (W.D. Wis.

Jan. 29, 2007) (use of uncomfortable, rubber mat as mattress for several months failed to state claim under Eighth Amendment).

For these reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

SO ORDERED on June 30, 2021

s/ Robert L. Miller, Jr,  
JUDGE  
UNITED STATES DISTRICT COURT